IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CALVIN BERNARD HANKINS, #241248, ) | |
| ) | C/A No. 9:10-131-DCN-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| DONALD BECKWITH, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, an inmate with the South Carolina Department of Corrections ("SCDC"), filed a writ of habeas corpus on January 20, 2010, pursuant to 28 U.S.C. § 2241. Respondent filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on May 24, 2010. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on May 25, 2010, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

Petitioner thereafter filed a written opposition to the motion for summary judgment on June 30, 2010, following which a reply memorandum was filed on July 12, 2010. A supplemental memorandum in support of summary judgment was filed on January 7, 2011. This matter is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local



**Discussion**

The record reflects that Petitioner was charged with murder in 1994 and waived presentment to the Darlington County Grand Jury [Indictment No. 1994-GS-16-1684]. See Court Docket No. 16-6, p. 2. Petitioner thereafter pled guilty to voluntary manslaughter on February 24, 1997, and was sentenced to a term of twenty-five (25) years imprisonment. Id. Petitioner did not appeal his conviction or sentence

At the time that this petition was filed, Petitioner was incarcerated at the Wateree River Correctional Institution. In his Petition, Petitioner claimed that his sentence had been miscalculated by the SCDC, and that he had not been given appropriate credit against his sentence for the good time credits, earned work credits, and earned educational credits, to which he was entitled under S. C. Code Ann. §24-13-210 and § 24-13-230. However, when Respondent filed his summary judgment motion, he represented to the Court, inter alia, that Petitioner had a projected release date of January 9, 2011, via Good Conduct Time (GCT) release, and the Court has now been advised that Petitioner was released from BOP custody on December 31, 2010.[2] See Court filing No. 29-3. Therefore, Petitioner's requested relief is now moot. Lane v. Williams, 455 U.S. 624 (1982); Bailey v. Southerland, 821 F.2d 277, 278-279 (5th Cir. 1987)[Case moot where Court can no longer provide Petitioner with requested relief].[3]

---

Rule 19.02(B)(2)(c), D.S.C. Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]Prior to Petitioner's release, he was confined to the Watkins Pre-Release Center of SCDC. See Court Docket Nos. 28 and 29-1.

[3]The Supreme Court has held that where a Petitioner faces potential "collateral consequences" from his conviction after he is released from prison, a habeas petition challenging a conviction is not mooted by the Petitioner's release. See Carafas v. LaVallee, 391 U.S. 234 (1968). In his case,



**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this Petition be dismissed.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 12, 2011

Charleston, South Carolina

---

however, Petitioner has not challenged his underlying conviction. Rather, he only challenged the calculation of his sentence, a claim which has now been mooted by his release from prison.

3



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

